Jaffrey-Peterborough District Court
No. 2005-927

### THE STATE OF NEW HAMPSHIRE

v.

### ALLYSSA B. FLAGG

Argued: November 14, 2006
Opinion Issued: January 17, 2007

*Kelly A. Ayotte*, attorney general (*Ann M. Rice*, associate attorney general, on the brief and orally), for the State.

Allyssa B. Flagg, *pro se*, filed no brief.

## *MEMORANDUM OPINION*

DALIANIS, J. The State appeals the Jaffrey-Peterborough District Court's (*Runyon*, J.) dismissal of alcohol violation charges against the defendant, Alyssa B. Flagg, because it deemed the State's destruction of evidence material and prejudicial. We reverse and remand.

The following appears in the record: In the course of a traffic stop for a broken tail light, Officer Evelyn Mitchell of the Hancock Police Department detected an odor of alcohol, observed persons she believed to be minors in the defendant's car, and saw an open can of beer on the car floor. She picked up the can and noted that it was three-quarters empty and cool to the touch. Mitchell poured the contents on the ground and observed that the liquid smelled and foamed like beer. The defendant was charged with possession of alcohol by a minor in violation of RSA 179:10

(Supp. 2006) (amended 2006), transportation of alcohol by a minor in violation of RSA 265:81-a (2004) (repealed 2006 and replaced by RSA 265-A:45) and violation of Hancock's open container ordinance.

At the motion hearing, the defendant testified that she thought the beer had been left in the car one to two weeks before her arrest and that she had passed the beer back to her brother to hide it, thus conceding the issue of whether the can contained beer. The defendant moved to dismiss the possession and transportation of alcohol charges on the basis that the State had failed to preserve evidence in violation of the Sixth Amendment of the Federal Constitution and Part I, Article 19 of the New Hampshire Constitution. She likened pouring out the contents of the can to "seizing a baggie of marijuana and emptying it into the wind." In her motion to dismiss, the defendant argued that she sought to test the contents of the can to assert that: (1) the can did not contain beer; or (2) the alcohol percentage of the liquid it contained was not proscribed by law. She contended that the beer was "the sole evidence against [her]." The trial court granted the motion to dismiss, finding that, while the State had not acted with either culpable negligence or bad faith in discarding the liquid, the loss of the evidence was material and prejudicial to the defendant.

The State argues that the trial court's ruling was erroneous because the evidence was not material and its loss was not prejudicial to the defendant.

In determining whether the loss of relevant evidence has resulted in a denial of due process, the State has the burden to demonstrate that it acted both with good faith, in the sense that it was free of any intent to prejudice the defendant, and without culpable negligence. *State v. Lavoie,* 152 N.H. 542, 548 (2005). If the State carries that burden, the defendant may not claim any relief unless she demonstrates that the evidence was material, such that its loss prejudiced her by precluding the introduction of evidence that would probably have led to a verdict in her favor. *Id.*

The State concedes that the contents of the beer can it poured out were relevant, and the trial court found that Mitchell acted without bad faith or culpable negligence; thus, we need only consider the materiality of the evidence and the degree of prejudice to the defendant resulting from its loss.

The trial court rejected both of the defendant's arguments about needing the beer for her defense, but still found the evidence material and its loss prejudicial, "as a can containing but a few drops might be deemed empty, while one containing more than that might satisfy the State's burden of proof." The trial court reasoned, "Without such contents available to be inspected and introduced into evidence, the defendant has no way to challenge the officer's testimony on that issue, which is highly

prejudicial to the defendant's position." This *sua sponte* ground for ordering the dismissal of charges was error.

To determine whether evidence of the amount of liquid in the can was material, we examine the applicable statutes. We are the final arbiter of the intent of the legislature as expressed in the words of a statute. *State v. Smith*, 154 N.H. 113, 115 (2006). Moreover, it is well established that when interpreting a statute we will not consider what the legislature might have said, or add words that it did not see fit to include. *Id.*

RSA 265:81-a, I, which prohibits transportation of alcoholic beverages by a minor, says in pertinent part: "[N]o driver under the age of 21 shall, except when accompanied by a parent, legal guardian or legal age spouse, transport *any* liquor or beverage in any part of a vehicle." (Emphasis added.) RSA 265:81, II, III (2004) (repealed 2006 and replaced by RSA 265-A:44, II, III), which prohibits transportation of open containers of alcohol by anyone, with certain exceptions, also proscribes the possession or transportation of "*any* liquor or [alcoholic] beverage." (Emphasis added.) RSA 175:1 (Supp. 2006), which defines the terms "liquor" and "beverage" for the purpose of these statutes, does not include any references to the amount of alcohol needed to constitute either liquid. RSA 175:1, XLII states that "Liquor" is "all distilled and rectified spirits, alcohol, wines, fermented and malt liquors and cider" of a specific alcohol content. RSA 175:1, VIII defines "Beverage" as "any beer, wine, similar malt or vinous liquors and fruit juices and other liquid intended for human consumption as a beverage" of a specific alcohol content. Neither references a minimum amount needed to compose the regulated liquid.

RSA 179:10, which proscribes possession of alcohol by a person under the age of twenty-one, likewise states that a minor "shall be guilty of a violation" for possession of "*any* liquor or alcoholic beverage." (Emphasis added.) All of these statutes make it clear that even a *de minimis* amount of alcohol is sufficient to trigger a violation.

▉ Therefore, the amount of beer in the can in this case is not material, as there is no statutory commandment that would make it so. Accordingly, we hold that the trial court's ruling to the contrary was erroneous, and that it erred by dismissing the charges.

*Reversed and remanded.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.